FILED

14 AUG 11 PM 4:17

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ DB ___ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALVE,<br><br>                          Petitioner,<br>vs.<br><br>W.L. MONTGOMERY, Warden,<br><br>                        Respondent. | CASE NO. 14-CV-575-BEN (JLB)<br><br>**ORDER DENYING MOTION TO OBJECT TO MAGISTRATE JUDGE**<br><br>[Docket No. 19] |

Before this Court is Petitioner's Motion to Object to Magistrate Judge Jill. L. Burkhardt's Overt Favoritism to Respondent. (Docket No. 19). For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

On March 3, 2014, Petitioner filed a petition in the Central District of California for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). The matter was transferred to this District on March 12, 2014. (Docket Nos. 4, 5). Pursuant to Civil Local Rule 72.1(d), the matter was referred to Magistrate Judge Karen S. Crawford for the preparation of a report containing proposed findings of fact and recommendations for disposition of the Petition by this Court. *See also* 28 U.S.C. § 636(b); FED. R. CIV. P. 72.

Judge Crawford issued an Order Requiring Response to Petition on April 3, 2014. (Docket No. 10). Respondent was required to file either a motion to dismiss by

May 15, 2014, or an answer by May 30, 2014. (*Id.*) The matter was transferred to Magistrate Judge Jill L. Burkhardt on June 2, 2014. (Docket No. 11).

On June 4, 2014, the Magistrate Judge issued an Order to Show Cause, noting the failure of Respondent to file a timely response to the petition and directing Respondent to file a document addressing the failure to respond on or before June 11, 2014. (Docket No. 12). The Magistrate Judge set a formal hearing date of June 17, 2014, but indicated that no appearances would be required and that the matter would be deemed submitted on the papers. (*Id.*) Although Petitioner appears to believe that the Magistrate Judge must have ruled on this matter on June 17, 2014, there is no indication that any ruling was issued. (Mot. at 1).

Respondents filed a Response to the Order to Show Cause on June 18, 2014. (Docket No. 13). Respondent stated that Docket Numbers 9 and 10, were electronically mailed to the docketing department of the Attorney General's office, but were inadvertently misfiled. (*Id.* at 2). Respondent stated that it was therefore unaware that the Court had ordered a response to the petition. (*Id.*) Respondent also pointed out that the Notice of Electronic Filing on the Order to Show Cause was blank. (*Id.*) Respondent asserted that it only learned of the Order to Show Cause on June 17, 2014, when the order was re-generated and e-mailed to the Attorney General's office. (*Id.*) Respondent asked the Court to dismiss the Petition, or, in the alternative, to grant an extension of time to file a response until July 18, 2014. (*Id.* at 3-5).

On June 26, 2014, the Magistrate Judge issued an Order: (1) Vacating the Order to Show Cause; and (2) Resetting the Briefing Schedule ("June 26 Order"). (Docket No. 14). The Order noted Respondent's assertion that it was unaware that the Court had ordered a response due to a "clerical error." (*Id.* at 1). The Magistrate Judge also stated that the Court had discovered that the Attorney General's office had not been listed as the attorney of record, and therefore had not received electronic notice of the filings or a paper copy of the Order to Show Cause. (*Id.*) For "good cause shown," the Magistrate Judge vacated the order to show cause and set a new briefing schedule. (*Id.*

at 2). Respondent was now required to file a motion to dismiss no later than July 24, 2014, or an answer no later than August 7, 2014. (*Id.*) Respondent timely filed a Motion to Dismiss on July 24, 2014. (Docket No. 17).

In the instant Motion, Petitioner objects to the Magistrate Judge's decision to grant the extension of time, and appears to be appealing the June 26 Order granting the extension. Petitioner contends that the June 26 Order was issued with the "specific intent to bestow favoritism to Respondent." (Mot. at 1). Petitioner contends that the reason given by the Magistrate Judge does not match the reason given by the Respondent, and that Respondent essentially stated that he was "negligent, lazy and exhibited poor work ethics." (*Id.* at 2). Petitioner argues that when prisoners do not meet time limits, the court does not "beg" them to respond or worry about what may have happened to the prisoner. (*Id.*) He asserts that courts dismiss the action because ignorance of the law is not an excuse. (*Id.*) He further argues that negligence is not an excuse for favoritism, and that the Magistrate Judge's "worries" about Respondent's failure to respond evinces a double standard. (*Id.* at 2-3).

Petitioner also argues that there is a "secret" order that was issued on June 17, 2014 at the 9:15 a.m. hearing, and speculates that the Magistrate Judge may have granted the Petition. (Mot. at 3). Petitioner asks that this Court grant his Petition.

## LEGAL STANDARD

A magistrate judge's order on a non-dispositive pretrial matter, such as the one at issue here, may be reconsidered by a district judge where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(a); *see also Coles v. Eagle*, No. 09-167, 2013 WL 1856002, at *1 (D. Haw. Apr. 30, 2013) (applying standard to appeal of a magistrate judge's decision to modify a scheduling order).

## DISCUSSION

Upon review of the briefing and the complete record in this matter, Petitioner's Motion is **DENIED**. It is readily apparent from the record that the Magistrate Judge was correct in concluding that there was good cause to grant the extension of time.

Respondent explained the initial failure to respond to the petition, and promptly began to litigate the case upon becoming aware of the need to respond. The record reflects that the Order to Show Cause was erroneously not sent to Respondents until June 17, 2014. The Court does not find that the Magistrate Judge's characterization of a "clerical error" is inconsistent with Respondent's filing. (June 26 Order at 1). Respondent had explained that the docketing department misfiled the documents. (Docket No. 13 at 2). Petitioner fails to demonstrate that the Magistrate Judge erred in finding good cause where the failure to respond was due to inadvertent error. A magistrate judge has ample discretion to manage his or her docket and control the schedule of briefing in pending matters. There is no indication that the Magistrate Judge has acted improperly, much less that her decision is clearly erroneous or contrary to the law.

Petitioner offers no more than conclusory accusations that Respondent is being favored over Petitioner. There is no indication in the record that Petitioner has been denied any extensions of time, or that Petitioner would not also have received an extension in similar circumstances. Petitioner makes only general allegations regarding the treatment of prisoners, without making any showing that this particular judge has treated him, or any other prisoner, differently than the government. Although Petitioner may not agree with the Magistrate Judge, there is no evidence before this Court which suggests that her impartiality could reasonably be questioned. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Almost invariably, [judicial rulings alone] are proper grounds for appeal, not for recusal."); *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997).

Additionally, Petitioner's suspicions regarding the June 17, 2014 hearing do not provide a basis for relief. The record indicates that no hearing was held on that date. The Order to Show Cause specifically stated that: "Without further Court order, no appearances are required at the hearing. The matter shall be deemed submitted on the papers." (Docket No. 12 at 2 (emphasis in original)). Thus, although a date was set,

Petitioner is mistaken in believing that a court proceeding was held and a decision was made at that time. Rather, the Order to Show Cause indicates that the matter was submitted on the papers, and the official docket reflects that no decision was reached until the June 26 Order. Petitioner is further informed that the Magistrate Judge is not empowered to grant his Petition, and therefore it is not possible that his Petition was secretly granted. Magistrate judges may be designated to submit a report and recommendation on a dispositive matter, but the district judge is required to make a final ruling. *See* 28 U.S.C. § 636(b); CivLR 72.1(d) ("Any order disposing of the petition on its merits may only be made by a district judge of the court."). This Court has not granted the Petition.

## CONCLUSION

Accordingly, the Motion is **DENIED**. Petitioner will continue to brief this matter before the Magistrate Judge in the manner she directs.

**IT IS SO ORDERED.**

Date: August 11, 2014

HON. ROGER T. BENITEZ
United States District Judge