UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALVE,<br><br>       Petitioner,<br><br>  v.<br><br>W.L. MONTGOMERY, Warden,<br><br>       Respondent. | Civil No.  14cv575-BEN (JLB)<br><br>**REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 17]** |

## I.   INTRODUCTION

Petitioner Alejandro Alve ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") challenging the Board of Parole Hearing's December 18, 2013 decision denying him parole.[1]  Petitioner contends federal habeas relief is proper because (1) the California Court of Appeal's "decision to deny Petitioner's Petition was without any basis in fact; not supported by any evidence and in violation of the First Amendment (U.S. Const.)" and "was so arbitrary and capricious as to constitute an Eighth Amendment violation;" (2) the Superior Court of California's "deference to the Board's judgment

---

[1] The Petition does not challenge the underlying criminal judgment that resulted in Petitioner's incarceration.

without examining each of the Board's reasons for denying parole to evaluate the reasonableness of the Board's decision necessarily violated Petitioner's protected 'Liberty Interest' under state law;" and (3) "the Board's decision denying parole was an unreasonable application of California's 'some evidence' requirement and was based on an unreasonable determination of the facts in light of the evidence presented."  (ECF No. 1 at 7.)  Respondent W.L. Montgomery, acting Warden of Calipatria State Prison ("Respondent"), moves to dismiss the Petition.  (ECF No. 17.)  Respondent argues the Petition must be dismissed because it does not set forth a cognizable claim for federal habeas corpus relief.  (*Id*. at 3.)

The undersigned has reviewed the Petition (ECF Nos. 1 through 1-6), Respondent's Motion to Dismiss (ECF No. 17), and Petitioner's Opposition to the Motion to Dismiss (ECF No. 20).  Based on the pleadings and for the reasons set forth below, the undersigned **RECOMMENDS** Respondent's Motion to Dismiss be **GRANTED** and the Petition be **DISMISSED** with prejudice.

## II.     PERTINENT BACKGROUND AND PROCEEDINGS

The following facts are drawn in large part from the Superior Court of California's Order denying Petitioner's state petition for writ of habeas corpus, which Petitioner attached to the Petition in this case.  (ECF No. 1-1 at 21-25.)

In 1976, Petitioner was convicted of two counts of first-degree murder and simple assault, and was sentenced to death.  (*Id*. at 21.)  Petitioner's first appeal resulted in reduction of the death sentence to a sentence of life in prison, and a retrial with respect to his sanity.  (*Id.*)  A second jury found petitioner was sane at the time of the commission of each of the offenses.  That judgment was affirmed on appeal.  (*Id*.)

Petitioner's minimum eligible parole date was November 8, 1982, and on December 18, 2012, a subsequent parole consideration hearing was conducted at the Calipatria State Prison.  (*Id*.)  At the conclusion of the hearing, Petitioner was denied parole for ten years because the Board of Parole Hearings found Petitioner was not

suitable and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. (*Id*.)  One basis, among many, for the denial was that Petitioner had not developed a written "relapse prevention plan" despite having been advised previously that one would be required. (ECF No. 1-5 at 14, and 1-6 at 26.)

Petitioner challenged this decision in a habeas petition filed on April 24, 2013, in the Superior Court of California, which denied relief in a reasoned memorandum on June 12, 2013. (ECF No. 1-1 at 21-25.) Petitioner filed a habeas petition in the California Court of Appeal challenging the same Board decision. (ECF No. 1-1 at 27-28.) The Court of Appeal denied relief in a reasoned memorandum filed on August 5, 2013. (*Id*.) There is nothing in the record to suggest that Petitioner filed a habeas petition with the California Supreme Court.

Petitioner filed the instant Petition on March 3, 2014. (ECF No. 1.) On April 3, 2014, the court issued a Notice Regarding Possible Failure to Exhaust and One-Year Statute of Limitations. (ECF No. 9.) On July 24, 2014, Respondent moved to dismiss the Petition on the ground that it fails to state a cognizable claim for federal relief. (ECF No. 17.) Petitioner filed opposition to the motion to dismiss on August 6, 2014. (ECF No. 20.)

**III.   ANALYSIS**

    **A.**     **Exhaustion of State Court Remedies**

A state prisoner's section 2254 habeas petition may not be granted if state remedies are unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A); *McMonagle v. Meyer*, 766 F.3d 1151, 1156 (9th Cir. 2014) ("A habeas petitioner must exhaust all available state remedies before seeking review in a federal district court.").  Exhaustion requires that the petitioner must have raised the claim in the state's highest court as a federal claim, not merely as a state law equivalent of that claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). The petitioner must give the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process, which includes seeking discretionary review.

*See O'Sullivan v. Boerkel*, 526 U.S. 838, 841-47 (1999); *Farmer v. Baldwin*, 497 F.3d 1050, 1053 (9th Cir. 2007). Thus, in California, habeas petitioners are required to exhaust their claims in a petition for review to the California Supreme Court. *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999).

Here, the Petition is comprised of Petitioner's answers to a form petition for writ of habeas corpus, a memorandum containing argument attached to the form petition, and lodgments reflecting the pertinent state court, prison, and parole board proceedings. (ECF Nos. 1 through 1-6.) Petitioner left blank the portions of the form petition directed to whether he exhausted his claims in state court. (*See* ECF No. 1 at 2-4.) In his memorandum attached to the form petition, Petitioner complains about, among other things, decisions by the Court of Appeal and the Superior Court of California concerning his state habeas corpus petitions. (*See* ECF No. 1 at 11-27.) The lodgments include reasoned decisions denying Petitioner habeas relief issued by the Court of Appeal and the Superior Court of California. Based on the record, the Court has no reason to infer that Petitioner presented his claims in a habeas petition for review to the California Supreme Court.

Thus, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed for failure to exhaust state court remedies.

### B.   Petitioner Fails to Raise a Colorable Federal Claim

A district court may deny an entire petition on the merits without first requiring exhaustion "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005); *see also* 28 U.S.C. § 2254(b)(2). For the reasons set forth below, the Court concludes that it is perfectly clear that Petitioner does not raise a colorable federal claim and recommends dismissal on this ground.

#### 1.   Habeas Review of the Substantive Bases for Petitioner's Denial of Parole is Not Appropriate

The text of the habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner "only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a writ of habeas corpus "is unavailable for alleged error in the interpretation or application of state law." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985); *Hubbart v. Knapp*, 379 F.3d 773, 779 (9th Cir. 2004).

In this case, Petitioner challenges only the substantive basis for the Board's decision denying him parole. For example, he argues "that the Board's parole denial was based on an unreasonable determination of the facts not supported by the prerequisite 'Some evidence.'" (ECF No. 1 at 6.) Petitioner's challenges are foreclosed by the Supreme Court's decision in *Swarthout v. Cook*, 562 U.S. 216, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (*per curiam*) (holding that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business").[2]

After the Supreme Court's holding in *Swarthout*, the Ninth Circuit explained that "[d]ue process is satisfied as long as the state provides an inmate seeking parole with 'an opportunity to be heard and . . . a statement of the reasons why parole was denied.'" *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011). Petitioner does not argue that he was denied an opportunity to be heard or a statement of the reasons why parole was denied. And the record, including the transcripts Petitioner lodged of his lengthy parole hearing, conclusively establishes that Petitioner was given an opportunity to be heard and a statement of the reasons why parole was denied. Because the federal constitution requires nothing more in the parole context, the Petition should be dismissed.

///
///

---

[2] Petitioner points this Court to the Ninth Circuit's decision in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir.2010) (en banc) as authority, but *Hayward* was reversed by the United States Supreme Court in *Swarthout*.

### 2. Petitioner's First Amendment Claim is Without Merit

Petitioner claims that his First Amendment rights were violated because his parole was denied, in part, because he did not have a substantial relapse prevention plan, and such a plan would be based on participation in Alcoholics Anonymous, a program with a religious component. (ECF No. 1 at 15.)

The Ninth Circuit has recognized that for the "government to coerce someone to participate in religious activities strikes at the core of the Establishment Clause of the First Amendment." *Inouye v. Kemna*, 504 F.3d 705, 712 (9th Cir. 2007). Whether there has been a constitutional violation based upon government religious coercion turns on a three part analysis: "'first, has the state acted; second, does the action amount to coercion; and third, is the object of the coercion religious rather than secular?'" *Id.* at 713 (quoting *Kerr v. Farrey*, 95 F.3d 472, 479 (7th Cir. 1996)).

The record does not support Petitioner's implicit assertion that the Parole Board denied him parole as a consequence of not participating in Alcoholics Anonymous, and thus exercised coercion by punishing him for not engaging in a religious activity. In this case, Petitioner *did* have an established history of participating in Alcoholics Anonymous (though not sustained participation), including active participation as the secretary of his Alcoholics Anonymous meetings at the time of the parole hearing. (*See*, *e.g.*, ECF No. 1-1 at 12; ECF No. 1-4 at 4-5, ECF No. 1-6 at 32.) This was acknowledged by the Parole Board. (ECF No. 1-6 at 12, 26.)

The basis for the Parole Board denying him parole was, among other things, that Petition had "**no** relapse prevention plan" despite having been advised previously that a written plan would be required. (ECF No. 1-6 at 26 (emphasis added).) Nothing in the record indicates that Petitioner's relapse prevention plan had to include participation in Alcoholic's Anonymous or any program with a religious component. In fact, the Parole Board defined a relapse prevention plan for Petitioner, and that definition did not require participation in a Alcoholics Anonymous:

> [The relapse prevention plan consists of] first identifying what the triggers are, internal and external. And then it talks about what -- developing plans for when those things happen out there that you have in place to address that; to gain the skill sets in here that when you get there, you have the skill sets, the connections and everything. It's pre-planning. You aren't pre-planning. You said it. You wait until it happens and then you said you cannot confront something until it's before you right now. That's when you develop your plan.  That's too late.

(ECF No. 1-5 at 16-17.)

Petitioner has failed to establish that he was denied parole based upon his refusal to participate in a religious-based program and thus has failed to establish that participation in a religious-based program was compulsory.   Petitioner's First Amendment claim is without merit because he has not established state coercion.

**IV.   CONCLUSION**

The Court submits this Report and Recommendation to United States District Judge Roger T. Benitez under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d)(4) of the United States District Court for the Southern District of California.

In addition, **IT IS HEREBY RECOMMENDED** that the Court issue an order: (1) approving and adopting this Report and Recommendation, and (2) granting the motion to dismiss (ECF No. 17), and dismissing the Petition for Writ of Habeas Corpus with prejudice (ECF Nos. 1 through 1-6).

**IT IS ORDERED** that no later than **January 20, 2015** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 30, 2015**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*,

/ / /

/ / /

158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 2, 2015

_____
JILL L. BURKHARDT
United States Magistrate Judge